IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

NUFLOWERS, LLC,

    Plaintiff,

vs.

PIONEER HI-BRED INTERNATIONAL, INC.,

    Defendant.

_____/

No. CIV S-12-1461 KJM-DAD

ORDER

Defendant removed the above-captioned action from the Yolo County Superior Court on May 30, 2012 by invoking this court's diversity jurisdiction. (Notice of Removal, ECF 1.) The court has an independent duty to determine if it has subject matter jurisdiction and accordingly does so now. *See* FED. R. CIV. P. 12(h)(3); *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it.").

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction [] may be removed by the defendant or the defendants [] to the district court . . . ." 28 U.S.C. § 1441(a). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Boggs v. Lewis*, 863, F.2d 662, 663 (9th Cir. 1988); *Takeda v. Northwestern Nat'l*

1  *Life Ins. Co.*, 765 F.2d 815, 818 (9th Cir. 1985)).  "Federal jurisdiction must be rejected if there
2  is any doubt as to the right of removal in the first instance." *Id*. (citing *Libhart v. Santa Monica*
3  *Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  There is a "strong presumption" against
4  removal jurisdiction, which "means that the defendant always has the burden of establishing that
5  removal is proper." *Id*.  Accordingly, "the court resolves all ambiguity in favor of remand to
6  state court." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009).

   Defendant alleges parties are citizens of different states.  (Not. of Removal.)
Specifically, citing to plaintiff's complaint, it states it is an Iowa corporation with its principal place of business in Iowa while plaintiff is a limited liability corporation ("LLC") organized under the laws of, and with its principal place of business located in, California.  (*Id.*)  However, neither defendant nor plaintiff provide information regarding the citizenship of plaintiff's owner, Dr. Thomas Heaton.  (Compl. ¶ 2.)  "Diversity jurisdiction under § 1332 requires complete diversity of citizenship, [plaintiff] must be a citizen of a different state than [defendant]." *Allstate Ins. Co. v. Hughes*, 358 F.3d 1089, 1095 (9th Cir. 2003).  "[A]n LLC is a citizen of every state of which its owners/members are citizens*.*" *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  As such, "Plaintiff's citizenship depends on the citizenship of its 'owners/members.'" *PNC Equip. Fin., LLC v. Cal. Fairs Fin. Auth.*, No. 2:11-cv-02019-GEB-CKD, 2012 U.S. Dist. LEXIS 72041, at *12 (E.D. Cal. May 23, 2012) (citation omitted).

   Defendant has not met its burden of establishing that removal is proper.  This case is REMANDED to the Yolo County Superior Court.  Plaintiff's ex parte application (ECF 7) is denied as moot.  This case is CLOSED.

   IT IS SO ORDERED.

DATED: June 6, 2012.

_____
UNITED STATES DISTRICT JUDGE